Case 18.

## Overby *vs.* Gay.

ORD. PET.

APPEAL FROM FLEMING CIRCUIT.

1. The court of appeals have entertained jurisdiction by consent of parties in some cases where the decree would otherwise be deemed interlocutory. There are exceptions to the general rule, and in every such case some right in controversy has been determined, and the power of the inferior court over the decree or judgment merely continued to ascertain the extent of such right. (4 *Monroe*, 415; 6 *J. J. Marshall*, 354; 1 *B. Monroe*, 150.)

2. An order of a circuit court overruling a motion to discharge an at- tachment is not such a final judgment as authorizes an appeal, even though the parties consent to the appeal.

[The facts of the case are set out in the opinion of
the Court.—Rep.]

*L. W. Andrews* and *J. Harlan* for appellant.

*W. H. Cord* for appellee.

Judge STITES delivered the opinion of the court.

June 28.

This court has appellate jurisdiction over the *final*
orders and judgments of all other courts of this com-
monwealth, except in certain cases enumerated in
the 16*th section of the Civil Code.*

This appeal is prosecuted by consent of parties,
from an interlocutory judgment, or order of the cir-
cuit court, overruling a motion to discharge an at-
tachment issued upon a petition in ordinary. No
judgment is rendered upon the demand in the peti-
tion, no order of sale, nor any final action of the
court determining the rights of the parties to any
extent.

The order of the circuit court merely determines
that, in its opinion, the grounds relied on, upon the
motion to discharge, are insufficient. The defendant
is not precluded thereby from renewing his motion at
the time of trial.

It has been held by this court that parties may, by
consent, make final, for purposes of appeal, a decree
or order of the circuit court that otherwise would be
deemed interlocutory, and such consent has been
deemed sufficient to confer jurisdiction here. But
these cases have been exceptions to the general rule
that consent cannot give jurisdiction; and in every
such case some right in controversy was determined,
and the power of the lower court over its decree or
judgment was merely continued to ascertain the ex-
tent of such right. (4 *Monroe,* 415; 6 *J. J. Marshall,*
354; 1 *B. Monroe,* 150.)

They furnish, therefore, no precedent for this case.
The defendant below, as suggested, is not precluded
by this appeal from renewing his motion to vacate
or discharge the attachment on the trial of the cause;

1. The court
of appeals have
entertained ju-
risdiction by
consent of par-
ties in some ca-
ses where the
decree would
otherwise be
deemed inter-
locutory. These
are exceptions
to the general
rule, and in ev-
ery such case
some right in
controversy has
been determin-
ed, and the pow-
er of the inferi-
or court over
the decree or
judgment mere-
ly continued to
ascertain the ex-

2 An order of a circuit court overruling a motion to discharge an attachment is not such a final judgment as authorizes an appeal, even tho' the parties consent to the appeal.

nor would the circuit be concluded by this appeal from entertaining such motion.

The action might thus be progressing before this and the circuit court at the same time; and the strange and anomalous case thereby presented, of two tribunals adjudicating upon the same action at one and the same time. Such might, and doubtless would be, one of the consequences resulting from the establishment of a rule allowing the consent of parties to impart finality to every or any interlocutory order of the circuit or other inferior court for the purpose of testing its correctness by appeal to this court. Others, equally absurd and inconvenient, might be enumerated. It has been only in cases where the interlocutory order involved and determined some substantial right in controversy that an agreement of parties making it final has been deemed sufficient to give this court jurisdiction, and we are not inclined to enlarge the rule.

We are therefore of opinion that the order complained of is not such a final order of the circuit court as confers jurisdiction upon this court, and that the consent of parties agreeing that it shall be so regarded does not make it so.

The appeal is dismissed.